**WO**  MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Dwayne Kelly,<br><br>  Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>  Defendants. | No. CV 12-413-PHX-SMM (LOA)<br><br>**ORDER** |

**I.  Procedural History**

On February 28, 2012, Plaintiff Aaron Dwayne Kelly, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a March 5, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint for lack of subject matter jurisdiction. The Court stated:

> Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks. In this case, the most likely source of a right to sue is **42 U.S.C. § 1983**. The Court has jurisdiction over such cases pursuant to **28 U.S.C. § 1343(a)(3)**.
>
> Plaintiff has not alleged that his Complaint arises pursuant to 42 U.S.C. § 1983 or that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). He has alleged no jurisdictional basis at all. **Section 1983** provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. Thus, the Court will dismiss Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction. See Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal.

2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

(Emphasis in original.) The Court gave Plaintiff 30 days to file an amended complaint that cured the jurisdictional defect.

## II.   First Amended Complaint

On March 14, 2011, Plaintiff filed a First Amended Complaint (Doc. 7). As was the case with his original Complaint, Plaintiff has alleged no jurisdictional basis at all. Thus, the Court will dismiss the First Amended Complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.   Dismissal without Leave to Amend

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

In the March 5th Order, the Court provided Plaintiff with very specific information about curing the jurisdictional defect. Plaintiff failed to do so. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 7) and this action are **dismissed** for lack of subject matter jurisdiction. The Clerk of Court must enter judgment accordingly.

DATED this 2nd day of April, 2012.

*[signature]*

Stephen M. McNamee
Senior United States District Judge